# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION II

| | |
|---|---|
| STATE OF WASHINGTON, | No. 48867-1-II |
| Respondent, | |
| v. | PUBLISHED OPINION |
| JASON ALLAN MCCLURE, | |
| Appellant. | |

MAXA, A.C.J. – Jason McClure appeals his conviction of first degree extortion.  McClure threatened to cause further damage to Robert Williams' property if Williams did not provide him with a letter stating that Williams would not allow charges to be placed against McClure or his wife for damage McClure had caused to that property.

McClure argues that the State failed to provide sufficient evidence that he attempted to obtain property or services from his victim, Williams, which is a statutory element of extortion under RCW 9A.56.110.  We hold that the evidence was sufficient to support a finding that McClure attempted to obtain valuable intangible property – a promise from Williams that he would not pursue criminal charges or a civil remedy against McClure for the damaged property, which would eliminate Williams' ability to obtain compensation for that damage.  Accordingly, we affirm McClure's conviction.

FACTS

In late 2013, Williams and McClure entered into an agreement under which McClure would reside in a double wide trailer Williams owned that needed repairs. McClure would perform the repairs. In return, he would live in the trailer rent free for one year and then he would start paying rent. After a year, Williams contacted McClure and told him that if he did not pay rent, Williams would evict him. McClure responded by threatening to destroy the trailer if Williams evicted him.

McClure did not pay his rent and Williams began the eviction process. Williams visited the trailer on the day McClure was to be evicted and discovered that the sliding glass door, the front door, the kitchen cabinets, and the wood stove had been removed. In addition, pipes were ripped out of the ceiling and electrical lines had been cut. Williams contacted the sheriff.

A few days later, Williams returned to the trailer and observed people on the property who were removing siding, electrical wire, plumbing, appliances, and fixtures from the trailer and portions of his shed. A deputy sheriff informed Williams that someone had taken out a Craigslist ad inviting people onto the property to take what they wanted.

Williams sent a text message to McClure asking him to remove the ad. McClure texted a response: "I will pull the ads if you take a letter . . . signed and notarized by both you and Lisa [Williams' wife] that will not allow any c[h]arges to be placed against me or my wife for anything related to the property. I don't need the hassle. I will also not have the signs placed that I made for the same purpose." Report of Proceedings (RP) at 80. After Williams again asked McClure to remove the ad, McClure texted, "A simple letter will take you 15 minutes and it will be done." RP at 80.

The State charged McClure with first degree extortion and first degree malicious mischief. A jury convicted him of both charges. McClure appeals only his first degree extortion conviction.

ANALYSIS

A.    SUFFICIENCY OF THE EVIDENCE

1.    Standard of Review

The test for determining sufficiency of the evidence is whether, after viewing the evidence in the light most favorable to the State, any rational trier of fact could have found guilt beyond a reasonable doubt. *State v. Homan*, 181 Wn.2d 102, 105, 330 P.3d 182 (2014). In a sufficiency of the evidence claim, the defendant admits the truth of the State's evidence and all reasonable inferences drawn from that evidence. *Id.* at 106. Credibility determinations are made by the trier of fact and are not subject to review. *State v. Miller*, 179 Wn. App. 91, 105, 316 P.3d 1143 (2014). Circumstantial and direct evidence are equally reliable. *Id.*

2.    Attempt to Obtain "Property"

Under RCW 9A.56.120(1), a person is guilty of first degree extortion if that person commits "extortion" by means of specific types of threats. "Extortion" means "knowingly to obtain or attempt to obtain by threat *property* or *services* of the owner." RCW 9A.56.110 (emphasis added). "Property" means "anything of value, whether tangible or intangible, real or personal." RCW 9A.04.110(22); *see State v. Taylor*, 30 Wn. App. 89, 96, 632 P.2d 892 (1981). The State does not argue on appeal that McClure's threat involved an attempt to obtain "services."

McClure argues that his demand for a notarized letter from Williams was not an attempt to obtain "property" as defined in RCW 9A.04.110(22). McClure claims that because his threat did not involve an attempt to obtain property, the only crime he may have committed was coercion.[1] We hold that the evidence was sufficient to support a finding that McClure was attempting to obtain "property."

McClure contends that he did not threaten to take a tangible "thing" from Williams and that the notarized letter he requested had no value. But RCW 9A.04.110(22) does not define "property" as a tangible thing; the definition includes something that is intangible, as long as it has value. Here, McClure was trying to obtain a promise from Williams that he would not allow charges to be made against McClure for anything related to the damaged property. The question is whether that promise constituted valuable intangible "property" supporting an extortion conviction or merely involved coercion under RCW 9A.36.070(1) – Williams abstaining from conduct that he had the legal right to engage in.

McClure clearly was seeking a promise to not pursue criminal charges for a crime that involved financial loss to Williams – the cost of repairing damaged property. As a victim of a crime, Williams would have the ability to receive restitution in a criminal proceeding for the property damage McClure caused. *See* RCW 9.94A.753(5). This ability to receive restitution for property damage had value to Williams.

McClure also arguably was seeking a promise not to pursue any civil remedy for the property damage McClure caused. That is how Williams interpreted the threat. He testified that

---

[1] A person is guilty of coercion if that person by use of specific types of threats "compels or induces a person to engage in conduct which the latter has the legal right to refrain from, or to abstain from conduct which he or she has the legal right to engage in." RCW 9A.36.070(1).

4

No. 48867-1-II

McClure demanded Williams' agreement "not to *hold me responsible* or press any charges for the damage that was done to your property." RP at 77 (emphasis added). This ability to hold McClure responsible for the property damage in a civil lawsuit had value to Williams.

A reasonable jury could have inferred from the evidence that McClure was attempting to obtain something intangible that had value – Williams' promise not to pursue compensation for the property damage that McClure caused. Accordingly, we hold that the State presented sufficient evidence to support McClure's conviction for first degree extortion.

B.      APPELLATE COSTS

McClure asks that we refrain from awarding appellate costs if the State seeks them. We decline to consider this issue. A commissioner of this court will consider whether to award appellate costs under RAP 14.2 if the State decides to file a cost bill and if McClure objects to that cost bill.

CONCLUSION

We affirm McClure's conviction of first degree extortion.

MAXA, A.C.J.

We concur:

JOHANSON, J.

LEE, J.

5